DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| RONALD E. GILLETTE, )<br>)<br>            Petitioner, )<br>)<br>    v. )<br>)<br>KEITH FRANCOIS, WARDEN OF THE )<br>GOLDEN GROVE CORRECTIONAL )<br>FACILITY; TERRITORY OF THE VIRGIN )<br>ISLANDS; and THE UNITED STATES )<br>OF AMERICA, )<br>)<br>            Respondents. )<br>_____ ) | Civil Action No. 2012-10 |

**Attorneys:**
**Joseph A. DiRuzzo, III, Esq.,**
Miami, FL
    *For Petitioner*

**Jason T. Cohen, Esq.,**
St. Thomas, U.S.V.I.
*For Respondent United States of America*

**Vincent F. Frazer, Esq.,**
St. Croix, U.S.V.I.
    *For Respondents Francois and the*
    *Territory of the Virgin Islands*

## MEMORANDUM OPINION

**Lewis, District Judge**

    THIS MATTER comes before the Court on the "Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" filed by Ronald Gillette ("Gillette" or "Petitioner") on January 31, 2012. (Dkt. No. 1). Based on the Court's "independent responsibility to examine [its] own jurisdiction *sua sponte*," *In re Flat Glass Antitrust Litig.,* 288 F.3d 83, 88 n.5 (3d Cir. 2002), the Court finds that it lacks jurisdiction over the Petition and will therefore dismiss it.

## BACKGROUND

On January 31, 2012, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, seeking to be released from incarceration or, in the alternative, for the Court to order that Respondents relocate him from Golden Grove Correctional Facility ("Golden Grove") in St. Croix, U.S. Virgin Islands—where he has been incarcerated since the imposition of his sentence in June 2009[1]—to "another facility that comports with the Eighth Amendment." (Dkt. No. 1 at 1). In support of his Petition, Gillette refers to a report by a Court-appointed clinical neuropsychologist concerning Petitioner's medical and mental health problems in which she recommended that Petitioner be placed in an institution where he would receive full medical, psychiatric, and neurological evaluations. *Id.* at 9-10, Ex. B.[2] Petitioner named as Respondents Keith Francois, the Warden of Golden Grove; the Territory of the Virgin Islands; and the United States of America.

Petitioner argues that he is being "held unlawfully in that he is being subjected to cruel and unusual punishment due to the failure to provide constitutionally mandated medical and mental health treatment, and for being subject to the deplorable conditions of Golden Grove." *Id*. at 1-2. He claims that "[b]ecause the conditions at Golden Grove are so dire and pose an immediate and continuous danger to the Petitioner, no administrative remedy exists that could remedy [his] unlawful detention," *id.* at 2, and that his conditions of restraint are "cruel and unusual, in violation of the Eighth Amendment." *Id.* at 14.

---

[1] Following a bench trial in 2008, Gillette was found guilty of rape in the first degree, aggravated rape in the first degree, aggravated sexual contact in the first degree, aggravated rape in the second degree, and unlawful sexual contact in the second degree. (Dkt. Nos. 266 and 268 in 07-cr-50). Gillette filed a timely notice of appeal. (Dkt. No. 318).

[2] The psychological report was prepared in the context of a proceeding conducted by the District Court, as directed by the Third Circuit, to make a recommendation as to Gillette's competency to withdraw his appeal. (Dkt. Nos. 371, 422 in 07-cr-50).

In the factual section of his Petition, Gillette reviews, in detail, numerous representations made by the United States before the District Court in *United States of America v. Territory of the Virgin Islands*, 86-cv-265, a case filed in 1986 that focused on conditions at Golden Grove. (Dkt. No. 1 at 4-7 & Ex. A). The factual section concludes with a discussion of the Virgin Islands' fiscal crisis, culled from the December 2011 proposed findings of fact and conclusions of law submitted by the Virgin Islands in the case of *United Steelworkers of Am. v. Gov't of the V.I.*, 11-cv-76 (D.V.I.). *Id.* at 10-13, Ex. C.

## DISCUSSION

A prisoner who alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States" may bring a petition for habeas corpus pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(c)(3); s*ee also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (opining that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). The general rule is that a prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Habeas relief is also available under § 2241 when an inmate challenges the execution of his or her sentence, rather than its validity. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).[3]

---

[3] In *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), the Third Circuit addressed the meaning of "execution of the sentence" in the context of a § 2241 challenge to a Bureau of Prisons regulation that limited the duration of a prisoner's placement in a community corrections center. The Court cited *Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001), in which the Second

Petitioner here is not challenging his conviction, the fact or duration of his confinement, or the execution of his sentence. Rather, he is asserting that the conditions of his confinement constitute cruel and unusual punishment. This is a conventional claim under 42 U.S.C. § 1983, as Petitioner is alleging a violation of his Eighth Amendment rights by State actors during his incarceration at Golden Grove—not that an alleged constitutional violation resulted in his incarceration. *See Preiser*, 411 U.S. at 498-99 ("[T]he prisoners' claims related solely to the States' alleged unconstitutional treatment of them while in confinement. None sought . . . to challenge the very fact or duration of the confinement itself. . . . [A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

The Third Circuit has discussed at length the distinction between the proper invocation of a § 2241 habeas petition and a lawsuit pursuant to 42 U.S.C. § 1983. In *Leamer v. Fauver*, 288 F.3d 532 (3d Cir. 2002), a prisoner filed a § 1983 action challenging his placement in a restricted

---

Circuit opined: "A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and *prison conditions*." (emphasis added). The *Woodall* Court concluded that the prisoner's claim fell within the "execution of [his] sentence" and was therefore cognizable under habeas, because the criteria for community corrections center placement was "instrumental in determining how a sentence will be executed." *Id.* at 243. Despite the broad language in *Woodall* referring to "prison conditions," the Third Circuit has never held that § 2241 may be used to challenge prison conditions *per se*—particularly the kind of "cruel and unusual" prison conditions of which Petitioner complains. *See Doe v. Pa. Bd. of Probation & Parole*, 513 F.3d 95, 100 n.3 (3d Cir. 2008) (opining that "[c]hallenges to conditions of confinement fall under §1983" while "[a]ttacks on the fact or duration of the confinement come under 28 U.S.C. §2254."); *Quero v. Hufford*, 2011 WL 2414327, at *4 (M.D. Pa. May 18, 2011) ("Thus, despite the broad language used in [*Woodall*], *Woodall* does not support the proposition that a Section 2241 habeas corpus petition is an appropriate vehicle for a challenge to prison conditions. And later Third Circuit cases support the proposition that a Section 2241 habeas petition is not an appropriate vehicle for a challenge to prison conditions.").

activities program. The Third Circuit held that because the challenge was directed to a condition of confinement, it was properly brought under § 1983. *Id.* at 541. The Court explained:

> Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect. Habeas relief is clearly quite limited: "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Powers of Congress and the Court Regarding the Availability and Scope of Review,* 114 Harv. L. Rev. 1551, 1553 (2001). Section 1983, in contrast, provides for liability on the part of any state actor who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. §1983.

*Id.* at 540.

The *Leamer* Court further explained that "whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Id.* at 542.

In a non-precedential, albeit informative case, the Third Circuit held that prisoners cannot seek relief under § 2241 when the prisoner is alleging an Eighth Amendment violation. In *Stanko v. Obama*, 393 F. App'x 849 (3d Cir. 2010), the Court held that an Eighth Amendment claim, arising from the seizure of a prisoner's legal papers, fell outside of the scope of challenges properly brought under habeas. The Court concluded, "'[A]lthough a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters. . . this does not make § 2241 actions like 'condition of confinement' lawsuits, which are brought under civil rights laws.' Stanko's claims

of cruel and unusual punishment and constitutional violations resulting from the seizure of his papers clearly fall outside the realm of challenges brought in habeas." *Id.* at 850-51 (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 808, 811-12 (10th Cir. 1997)).

Similarly, in *Leslie v. Atty Gen. of U.S.,* 363 F. App'x 955 (3d Cir. 2010), a prisoner asserted numerous claims, including Eighth Amendment violations, in his § 2241 habeas petition. The Court found that, "to the extent that Leslie attempts to challenge the conditions of his confinement, we agree with the District Court that this habeas corpus petition was not the proper vehicle to raise his claims." *Id.* at 958. *See also Ramos v. Walsh*, 2010 WL 4456899, at *2 (W.D. Pa. Oct. 12, 2010) (finding that petitioner's Eighth Amendment claims challenging the conditions of his confinement were inappropriate in a petition for a writ of habeas corpus, and that such claims are properly brought under § 1983).

In sum, Petitioner's claims are not cognizable under § 2241. The Third Circuit has held that if a petitioner's claims were not properly brought pursuant to § 2241, "the District Court was without jurisdiction to consider [the] petition," and ordered the district court to dismiss the petition. *Ganim v. Fed. Bur. of Prisons,* 235 F. App'x 882, 884 (3d Cir. May 29, 2007); *see also Michel v. Zickefoose*, 2013 WL 646079, at *2 (D.N.J. Feb. 21, 2013) (dismissing § 2241 petition for lack of jurisdiction in which petitioner sought transfer to a medical facility and permitting petitioner to file civil action).

## CONCLUSION

In view of the foregoing, the Court will dismiss Gillette's Petition for lack of jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

Date: April 30, 2013 _____/s/_____
WILMA A. LEWIS
District Judge